UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN F. CHAMPAGNE, JR., ET AL.,

        Plaintiff(s),

   v.

THE CITY AND COUNTY OF
SAN FRANCISCO, ET AL.,

        Defendant(s).
_____/

Case No. C-06-05425 JSW (JCS)

**ORDER RE JOINT LETTER
OF FEBRUARY 14, 2008
[Docket No. 48]**

In this action, Plaintiffs allege fraud and civil conspiracy against the City and County of San Francisco (the "City" or "Defendants") and claim that the City improperly exonerated a tenant of code violations at premises owned by Plaintiffs. The allegedly improper conduct took place in the months leading up to August 8, 2005, the date on which Plaintiffs' unlawful detainer case was scheduled to go to trial against the tenant. In a Joint Letter dated February 14, 2008 [Docket No. 48] (the "Motion"), Plaintiffs seek the following relief from the Court: (1) permission to take up to 25 depositions (Plaintiffs have already taken nine depositions); (2) permission to propound 60 interrogatories; and (3) an order compelling the depositions of the San Francisco Fire Department Chief Joanne Hayes-White and Deputy Chief Kochevar. The Motion is DENIED.

The request to take 25 depositions is excessive. While Plaintiffs suggest that there are 13 additional individuals that may have discoverable information, Plaintiffs make no effort to identify what information, if any, they may possess. Plaintiffs have already taken nine depositions, and all parties have agreed that Plaintiffs may take two additional depositions for a total of 11. In addition, the Court agrees with Plaintiffs that they are entitled to take the deposition of any expert identified

by Defendants during expert disclosures. This is not a complex case, and 11 non-expert depositions is more than sufficient.

Similarly, Plaintiffs have not offered sufficient justification for 60 interrogatories. Plaintiffs' only argument is that they have used 20 interrogatories and they need more, citing Defendants' largely boilerplate affirmative defenses. There is no indication that Plaintiffs have not had a sufficient opportunity to inquire into Defendants' positions, and have remaining 5 interrogatories per Plaintiff for any additional discovery that is necessary.

Plaintiffs also violate Rule 26's admonition that they request only information reasonably calculated to yield admissible evidence by seeking the depositions of Chief Hayes-White and Deputy Chief Kochevar. There is no evidence that either of these individuals had any involvement in the decisions of the Defendants to "exonerate" Plaintiffs' tenant. Plaintiffs offer no evidence that Deputy Chief Kochevar has any relevant information. Plaintiffs admit that Chief Hayes-White had no involvement until *after* the decisions were made on the code violations, and *after* Plaintiffs' unlawful detainer against the tenant was scheduled to go to trial. Plaintiffs settled that matter. The fact that Chief Hayes-White attended a meeting with Plaintiffs when they complained *after* these events does not change this conclusion. Morever, others attended that meeting and could have been deposed by Plaintiffs. Plaintiffs may not simply depose the head of a city agency without some showing that the information to be gained could not have been learned from lesser officials. *See Kyle Eng'g Co. v. Kleppe*, 600 F. 2d 226, 231 (9th Cir. 1979).

IT IS SO ORDERED.

Dated: February 25, 2008

JOSEPH C. SPERO
United States Magistrate Judge