IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN F. CHAMPAGNE and GARY A. CHAMPAGNE,<br><br>    Plaintiffs,<br><br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendants. | No. C 06-05425 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON APRIL 25, 2008 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court **tentatively GRANTS** Defendants' motion for summary judgment and **tentatively DENIES** Plaintiffs' Federal Rule of Civil Procedure 56(f) request.

The parties shall each have 20 minutes to address the following questions:

1. Before any action by Defendants, Plaintiffs had already served a three-day notice to perform covenant or quit upon their tenant and had already filed an unlawful detainer complaint to evict Mr. Vlastone. Plaintiffs successfully evicted the tenant and sold the building with no detrimental effect on its value. Plaintiffs contend that they have a substantive due process claim because they suffered an arbitrary deprivation of the right to devote their property to any legitimate use. (*See* Opp. Br. at 11, citing *Action Apartment Association, Inc. v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1026 (9th Cir. 2007).) How did the City's conduct interfere with Plaintiffs' management of the property? How were Plaintiffs' rights to use their property infringed upon?

2. Are the four claims for misrepresentation *solely* against Defendant Gates due to her August 5, 2005 declaration? (*See* Opp. Br. at 20, 21 n.10.) If the other agency defendants are implicated in the alleged fraud, what are the predicate facts for those claims and where are they found in the complaint? If, as Plaintiffs concede, the City agencies are immune from liability (Opp. Br. at 21 n.13.), what is the basis for the civil conspiracy claim? What evidence in the record before the Court indicates that Defendant Gates "is guilty of actual fraud, corruption, or actual malice"? (*See* Cal. Gov't Code § 822.2.)

3. Considering the Superior Court dismissed the code violation cause of action from the eviction lawsuit prior to the revocation of the notices, on what basis do Plaintiffs contend that the revocation caused them injury?

4. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: April 23, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2