IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN F. CHAMPAGNE and GARY A. CHAMPAGNE,<br><br>    Plaintiffs,<br><br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendants. | No. C 06-05425 JSW<br><br>**ORDER REJECTING RECOMMENDATION AND GRANTING DEFENDANTS' MOTION FOR ATTORNEYS' FEES** |

On September 19, 2008, the Court adopted in part and rejected in part Magistrate Judge Elizabeth D. LaPorte's report and recommendation re: denying Defendants' motion for attorneys' fees for underlying case, denying Plaintiffs' cross-motion for sanctions, and permitting Defendants to file a Rule 11 motion (the "Report"). On September 22, 2008, the Court affirmed that it adopted the recommendation and denied Plaintiff's cross-motion for sanctions. The Court also affirmed that it rejected the recommendation that the Court permit Defendants an opportunity to file a motion seeking sanctions under Rule 11.

The sole issue remaining was whether the Court would adopt or reject the Report's recommendation to deny Defendants' motion for attorneys' fees for the underlying case. The Court has received the parties' briefs on the issue and HEREBY REJECTS the recommendation to deny the motion and instead GRANTS Defendants' motion for attorneys' fees. Having

1  considered the parties' papers, relevant legal authority, and the record in this case, the Court
2  finds the matter suitable for disposition without oral argument and the hearing date of
3  November 14, 2008 is VACATED.  *See* N.D. Civ. L.R. 7-1(b).

4 In addition to the relief available under 42 U.S.C. § 1983, § 1988 provides that "the
5  court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of
6  the costs."  42 U.S.C. § 1988(b).  A prevailing defendant in a Section 1983 action is entitled to
7  an award of attorneys' fees when the plaintiff's action is "frivolous, unreasonable, or without
8  foundation."  *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (per curiam) (quoting *Christiansburg
9  Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)).  In determining whether this standard has
10  been met, the district court must assess the claim at the time the complaint was filed, and must
11  avoid "*post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his
12  action must have been unreasonable or without foundation."  *Warren v. City of Carlsbad*, 58
13  F.3d 439, 444 (9th Cir. 1995) (citations omitted).

14 Although the Report finds that this Court's order granting Defendants' motion for
15  summary judgment supported Defendants' characterization of the complaint and rendered the
16  claim frivolous, the Magistrate Judge found that the "question of frivolousness for purposes of
17  shifting attorneys' fees was a close one," "[g]iven the high hurdle that Defendants must clear to
18  receive an award of fees in a civil rights case," the Magistrate Judge recommended that the
19  Court deny Defendants' motion for fees.  (Report at 3, 4.)  The undersigned, however, having
20  addressed the parties' arguments firsthand finds that, in the balance, at the time the complaint
21  was filed, the claims were unreasonable, without foundation and frivolous.  *See* 42 U.S.C. §
22  1988(b).  In its order granting summary judgment for the City, the Court found that Plaintiffs
23  had no constitutional entitlement to have the City and its inspectors assist Plaintiffs in the
24  management of their property by citing the subject property or maintaining the code violations
25  in place.  The Court further found that, while there was no deprivation of a property interest,
26  there was also nothing to support the claim that Defendants engaged in any deliberate or
27  fraudulent conduct intended to deprive Plaintiffs of their property rights.  In addition, the Court
28  found that there was no basis for Plaintiffs to plead a violation of their procedural due process

2

rights as Defendants had no obligation to provide any process at all in this context. On this record, the Court finds that Plaintiffs' complaint was "frivolous, unreasonable, or without foundation." *See Hughes*, 449 U.S. at 14.

Therefore, the Court in its discretion REJECTS the recommendation and GRANTS Defendants' motion for attorneys' fees. The parties had an opportunity to address the reasonableness of the amount of fees expended by Defendants in this matter. The Court finds the amount claimed to be reasonable, with a large expenditure of time devoted to addressing Plaintiffs' efforts unnecessarily to multiply the proceedings. Accordingly, the Court grants the amount of $153,867.50 in attorneys' fees and expert costs.

**IT IS SO ORDERED.**

Dated: October 15, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE